**POLSINELLI LLP**
Todd M. Malynn (State Bar No.181595)
Adam P. Daniels (State Bar No. 296466)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   310.556.1801
Facsimile:   310.556.1802
Email:        tmalynn@polsinelli.com
              adaniels@polsinelli.com

*Attorneys for Plaintiff*
GLOBAL HEALTH SOLUTIONS, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL HEALTH SOLUTIONS, LLC, a Delaware limited liability company,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>STERIWEB MEDICAL, LLC, a Washington limited liability company, R&S RESEARCH, LLC, a California limited liability company, BERTRAM P. ROSENTHAL, an individual, and AIME MEDICAL, INC., a Florida corporation, inclusive,<br><br>　　　　　Defendants. | Case No. 2:16-cv-08764-DSF-AGR<br><br>The Hon. Judge Dale S. Fisher<br><br>**STIPULATION FOR ORDER OF PRELIMINARY INJUNCTION**<br><br>**[PROPOSED] PRELIMINARY INJUNCTION** |

**WHEREAS,** plaintiff Global Health Solutions ("Plaintiff" or "GHS") filed a Motion for a Preliminary Injunction (Dkt. 28) (the "Motion") against, *inter alia,* defendants SteriWeb Medical, LLC ("SteriWeb"), R&S Research, LLC ("R&S"), and Bertram P. Rosenthal ("Rosenthal") (collectively, "Defendants") in connection with the production, distribution, marketing and sales of an anti-microbial gel, which Defendants refer to as Omnicide Antimicrobial Gel ("Omnicide").

**WHEREAS,** in lieu of opposing the Motion and in an effort to resolve the same, and along with Defendants' Notice of Appearance filed by their undersigned counsel, Defendants agree and hereby stipulate to an injunction under Fed. R. Civ. Proc. 65(a), (d) pending trial and/or further order of the Court, and waive any requirement of a bond or other security under Fed. R. Civ. Proc. 65(c).

**WHEREAS,** for purposes of a preliminary injunction under Fed. R. Civ. Proc. 65(a), (d) only, without admitting guilt or fault to any claim or allegation made by Plaintiff, and in the sole interest of saving costs, Defendants do not oppose entry of the following findings:

1. Plaintiff is likely to prevail on the merits of its claims for false advertising and unfair competition under Section 45(a) of the Lanham Act (15 U.S.C. § 1125(a)) and California's Unfair Competition Law and False Advertising Law (Bus. & Prof. Code §§ 17200, 17500);

2. Absent a preliminary injunction, Plaintiff is likely to suffer irreparable harm as a result of the alleged false advertising and unfair competition, including but not limited to the diminishment of its goodwill, investment in its product and sales position under the Food, Drug & Cosmetic Act ("FDCA");

3. The balance of hardships weighs in favor of the proposed preliminary injunction, which ensures compliance with the FDCA and an even playing field between two manufactures of anti-microbial gel products; and

4. The public interest weighs in favor of an injunction against false advertising and unfair competition and in favor of the protection of the health and safety of consumers.

**NOW, THEREFORE**, based on the foregoing, Plaintiff and Defendants stipulate and agree to—and request from the Court—the following Order of Preliminary Injunction: Defendants SteriWeb, R&S and Rosenthal, along with their officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them, or any of them (*e.g.,* defendant

Aime Medical, Inc.), including persons involved with Defendants' operation of an Internet business (*e.g.,* PayPal, American Express, Amazon.com, eBay, UPS, Federal Express, Youtube.com, website/domain name hosts) and drug production facilities (*e.g.,* suppliers of regulated materials, other substances or packaging), are hereby restrained and enjoined until further Order of the Court as follows:

## Labeling

1. From omitting any ingredient from the labeling of Omnicide or any other antimicrobial gel manufactured, distributed and/or sold by Defendants, including the physical and electronic versions of such labeling, regardless of whether the ingredient is an active or inactive ingredient;[1]

2. Except as agreed below, from making any efficacy claim in or on product labeling of Omnicide or any other antimicrobial gel manufactured, distributed and/or sold by Defendants, including in or on tubes, boxes or other packaging, or any product insert or instructional information in any packaging of Omnicide or any other antimicrobial gel, including the following claims made by Defendants in or on product labeling:

- "First new FDA approved topical Antimicrobial in over 40 years";
- "Kills MRSA in 40 seconds or less";
- "Effective against most bacteria, yeasts, molds and fungi";
- "No known resistance";
- "Doctor recommended";
- "Speeds healing"; and

The parties agree that, provided Defendants have adequate substantiation supporting the claim, Defendants may include on product labeling for Omnicide or any other antimicrobial gel manufactured, distributed and/or sold by Defendants,

---

[1] To comply with these labeling provisions, Defendants agree that they will, *inter alia,* immediately update the image of Omnicide's labeling with the federal registry.

3
STIPULATION FOR ORDER OF PRELIMINARY INJUNCTION
55747623.1

that the product is indicated to "to help prevent, decrease or reduce the risk or chance of, or guard or protect against, infection, bacterial contamination, or skin infection in minor cuts, scrapes, and burns," or substantially similar language.

### Advertising & Promotion

3. From advertising, marketing, promoting or selling Omnicide, or any other antimicrobial gel, in any way with any of the following claims, or any claims substantially similar to these claims, regardless of the medium, *i.e.,* whether on any package, product, website (*e.g.,* SteriWeb.com, Amazon.com, Ebay.com, Youtube.com, etc.) or other form of commercial advertising or promotion:

- "FDA-Approved";
- "Fully evaluated by the FDA";[2]
- "Clinically-proven";
- "Superior to any other antimicrobial gel";
- "Essentially the same as CurX";
- "Eliminates All Causes of Infections";
- "Eliminates all infections caused by harmful bacteria, fungi, molds or yeasts";[3]
- "Eliminates MRSA and all other Staph Infections on contact";
- "[E]liminat[es] 99.99% of all bacteria, fungi, molds and yeasts";
- "A non-toxic, topical antimicrobial gel without any known resistance by even the most dangerous bacteria including MRSA, VRE, and CRE";[4]
- "Kills MRSA in 40 seconds or less";
- "No known resistance";

---

[2] The parties agree that a claim that Omnicide is "FDA registered" would fall outside of the stipulated injunction.

[3] The parties agree that, if adequately substantiated, a claim that Omnicide, or an ingredient in Omnicide, eliminates "most" infections caused by harmful bacteria, fungi, molds or yeasts would fall outside of the stipulated injunction.

[4] The parties agree that, if linked to a study, a claim that an ingredient in Omnicide has no known resistance would fall outside of the stipulated injunction.

- "[H]eal[s] all your wounds 100x's faster than any other leading brand... Guaranteed!";
- "Effective for a minimum of one week";[5]
- "2 year shelf life"; and
- "No other First Aid product can make these claims."

4. From advertising, marketing or promoting SteriWeb, any officer, director and/or owner of SteriWeb, and/or any commonly owned business (*e.g.,* R&S) in any way with any of the following claims, or any claims substantially similar to these claims, regardless of the medium, *i.e.,* whether on any package, product, website or other form of commercial advertising or promotion:

- As residing in a large commercial office building; and
- As being the inventor of an antimicrobial gel with a patent pending covering the product;

5. From advertising, marketing, promoting or selling Omnicide or any antimicrobial gel with any efficacy claims (a) that are not substantiated with product-specific testing if the claim is about the product, and (b) that are not substantiated with other competent and reliable scientific evidence if the efficacy claim is limited to the ingredients in the product; and

6. From advertising, marketing, promoting or selling any drug with an active ingredient or combination of active ingredients that is not the subject of a final monograph under the Food, Drug & Cosmetic Act, including but not limited to Omnicide, unless (a) the safety, stability, shelf-life, and efficacy of the drug's indicated uses and advertised claims are substantiated with competent and reliable product-specific studies in Defendants' possession that were conducted by independent laboratories and investigators, including batch-testing that corresponds to lot numbers and certificates of analysis of each lot produced, and (b) the drug is

---

[5] The parties agree that, if linked to a study, a claim that an ingredient in Omnicide is effective at achieving a specific result (*e.g.,* kill MRSA) for a minimum of one week, such a claim would fall outside the scope of the stipulated injunction.

formulated, manufactured, filled, packaged, repackaged, and distributed at/by registered, licensed and/or certified facilities in accordance with state and federal laws, including the Good Manufacturing Practices under the FDCA (to avoid any confusion, without proper licensure, R&S is not permitted to manufacture, produce, package, repackage, or distribute any drug for SteriWeb, and this prohibition covers the loading tubes of Omnicide in boxes with package inserts).[6]

**IT IS FURTHER STIPULATED AND AGREED** that, except as provided below, the concurrently lodged Proposed Order of Preliminary Injunction shall (a) become immediately effective upon execution by the Court, or become effective upon the filing of proof of any bond required by the Court as payment of damages to which Defendants, or any of them, may be entitled, (b) be viewed and treated as any other preliminary injunction order issued under Fed. R. Civ. Proc. 65, and (c) remain in effect until further Order of the Court or Entry of Judgment by the Court.

With respect to existing inventory of Omnicide, the parties agree that Defendants may without consequence under the stipulated injunction sell existing tubes of Omnicide in their current physical packaging (*i.e.,* boxes) through February 6, 2017, provided all electronic versions of Omnicide's packaging are in compliance with the stipulated injunction. After February 6, 2017, Defendants' boxes and other packaging containing the existing Omnicide tubes must be in compliance with the stipulated injunction. With respect to the existing tubes of Omnicide, themselves, Defendants shall have nine (9) weeks from the date of the stipulation to sell those tubes (after February 6, 2017 those tubes must be sold in compliant boxes or other packaging), or discontinue or destroy those tubes, or ensure that they are in compliance with the stipulated injunction.

---

[6] The parties agree that so long as Defendants receive the Omnicide product already placed in tubes and such tubes are already placed in product packaging (*i.e.,* individual boxes), the placing of the packaged boxes in larger containers for shipment would fall outside of the stipulated injunction.

1  **IT IS SO STIPULATED AND AGREED** by Plaintiff and Defendants through
2  their respective counsel of record:

4                                              **POLSINELLI LLP**

6                                      By:  */s/Todd M. Malynn*
                                            Todd M. Malynn, Esq.
7                                           *Attorneys for Plaintiff*
                                            *GLOBAL HEALTH SOLUTIONS,*
                                            *LLC*

10  Dated:  January 13, 2017              Respectfully submitted,

12                                              **ONE LLP**

14                                     By:  */s/Stephen M. Lobbin*
                                            Stephen M. Lobbin
                                            *Attorneys for Defendants*
15                                          *Steriweb Medical, LLC, R&S*
                                            *Research, LLC and Bertram P.*
                                            *Rosenthal*

19                          **<u>Attestation</u>**

20  I hereby attest that the other signatories listed, on whose behalf this filing is
21  submitted, concur in the filing's content and have authorized the filing.

23  Dated:  January 13, 2017
                                                **POLSINELLI LLP**

25                                     By:  */s/Todd M. Malynn*

---

7
STIPULATION FOR ORDER OF PRELIMINARY INJUNCTION

55747623.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 13, 2017, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice of this document by electronic means.

Dated: January 13, 2017　　　　　　　　　　POLSINELLI, LLC


　　　　　　　　　　　　　　　　　　　　By: /s/AJ Cruickshank
　　　　　　　　　　　　　　　　　　　　　　　AJ Cruickshank

# PROOF OF SERVICE

I am over the age of 18 and not a party to the within action; I am employed by POLSINELLI LLP in the County of Los Angeles, California at 2049 Century Park East, Suite 2300, Los Angeles, California 90067.

On January 13, 2017, I served the foregoing document(s) described as:

STIPULATION FOR ORDER OF PRELIMINARY INJUNCTION

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

**Aime Medical, Inc.**
**4707 140th Ave., N, Suite 212**
**Clearwater, FL  33762**

[xx]    **By United States Mail:** I enclosed the documents in a sealed envelope or package addressed to the person listed above at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

[ ] **By Overnight Delivery:** I placed said document(s) in an envelope or package for collection and delivery by an overnight courier authorized to receive said documents. I am readily familiar with the firm's practices for collection and processing of documents for overnight delivery, and said envelope or package will be deposited for receipt and business day delivery.

[X]    **(Federal)** I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 13, 2017, at Los Angeles, California.


_____
AJ Cruickshank